UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAYMOND EARL DEVORE,<br><br>Defendant. | CR15-160 TSZ |
| RAYMOND EARL DEVORE,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | C21-0056 TSZ<br>[related to CR15-160]<br><br>MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Defendant Raymond Earl DeVore's motions to modify terms of restitution, docket nos. 278 and 282 in Case No. CR15-160, are DENIED. Defendant's obligation during his incarceration is to pay 25% of his inmate gross monthly income or $25 per quarter ($8.33 per month), whichever is greater. *See* Am. Judgment (CR15-160, docket no. 277 at 10). This standard requirement is not onerous. Moreover, defendant has not shown the requisite "material change" in his "economic circumstances" to justify an adjustment to the payment schedule. *See* 18 U.S.C. § 3664(k). These same terms appeared in the original judgment entered October 12, 2017, and the amended judgment

MINUTE ORDER - 1

entered December 1, 2017, both of which were subject to appeal, and this issue was not raised. *See* Judgment (CR15-160, docket no. 194 at 8); Am. Judgment (CR15-160, docket no. 201 at 9); *see also* 9th Cir. Memo. (CR15-160, docket no. 224). The amended judgment entered December 3, 2020, also contained these terms, which were again not challenged on appeal. *See* Am. Judgment (CR15-160, docket no. 247 at 10); *see also* 9th Cir. Memo. (CR15-160, docket no. 259). Defendant was physically present when sentenced on October 12, 2017, and the issue of restitution was discussed. *See* Tr. at 18:2–15, 28:16, & 29:14–31:3 (Oct. 12, 2017) (CR15-160, docket no. 203). Although the amount of restitution was not specified during the course of the initial sentencing hearing, the terms of payment were set forth in the judgment that was reviewed by defendant's attorney and presented without objection to the Court for signature. *See id.* at 31:7–14. When defendant was re-sentenced on December 3, 2020, he consented to and did appear via video conference, he was given an opportunity through a screen-sharing feature to review every page of the amended judgment, and he did not state any objection to the requirement that he make payments toward the restitution amount during his period of imprisonment. *See* Tr. at 2:25–3:23 & 23:8–28:16 (Dec. 3, 2020) (C15-160, docket no. 257). The re-sentencing conducted on March 29, 2023, which resulted in the now operative Amended Judgment, was limited to Special Condition No. 9, which was the only issue over which the Court had jurisdiction following remand from the United States Court of Appeals for the Ninth Circuit, and restitution was not addressed. *See* Minutes (C15-160, docket no. 276). The Court concludes that defendant has waived any right to request the suspension of restitution payments until after he is released from custody and that, to the extent defendant may make such motion, it is entirely lacking in merit and must be denied.

(2)  The Court is in receipt of a letter from defendant/petitioner dated July 26, 2023. *See* Letter (C21-56, docket no. 8). He has expressed confusion concerning the status of his pending matters. To clarify, in January 2021, petitioner filed a motion pursuant to 28 U.S.C. § 2255, which was stayed in light of his then-pending direct appeal. Minute Order (C21-56, docket no. 5). In July 2023, petitioner filed another motion pursuant to 28 U.S.C. § 2255, which was originally docketed in a new case (C23-1087), but was then re-docketed in C21-56, and the new case (C23-1087) was administratively closed. The stay of C21-56 has been lifted, and a deadline has been set for respondent United States to file and serve its answer to the § 2255 motions. *See* Minute Order (C21-56, docket no. 7).

(3)  The letter mentioned in Paragraph 2, above, also inquires whether the Court will appoint counsel for defendant/petitioner in connection with a motion for compassionate release and/or his § 2255 motions. With respect to any motion for compassionate release, defendant's motion for appointment of counsel is DENIED. The motion for appointment of counsel to assist with the § 2255 motions (C21-56, docket no. 8) is hereby NOTED for August 25, 2023, and any response and any reply shall be filed in accordance with Local Civil Rule 7(d).

MINUTE ORDER - 2

(4)     The Clerk is directed to send a copy of this Minute Order to all counsel of record and to defendant/petitioner pro se.  The Clerk shall also send to petitioner pro se another copy of the Minute Order entered July 26, 2023, docket no. 7 in Case No. C21-56.

Dated this 4th day of August, 2023.

<u>Ravi Subramanian</u>
Clerk

<u>s/Laurie Cuaresma</u>
Deputy Clerk

MINUTE ORDER - 3