UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>RAYMOND EARL DEVORE,<br><br>　　　　　　Defendant. | CR15-160 TSZ<br><br>ORDER |

THIS MATTER comes before the Court on defendant Raymond Earl DeVore's motion for compassionate release, docket no. 287. Having reviewed all papers filed in support of, and in opposition to, the motion, the Court enters the following Order.

**Background**

After a three-day bench trial, defendant was found guilty of distribution of child pornography, receipt of child pornography, possession of child pornography, production of child pornography, and enticement of a minor. *See* Am. Judgment (docket no. 277). He is currently incarcerated at Federal Correctional Institution ("FCI") Sheridan in Oregon, serving a sentence of twenty years (240 months), with a projected release date of March 13, 2032. He seeks immediate release on the basis of (i) his "growing health concerns," related to a family history of heart issues, and his sleep apnea, for which he

ORDER - 1

uses a continuous positive airway pressure ("CPAP") machine, and (ii) his elderly mother's alleged need for a caretaker.

**Discussion**

**A.     Exhaustion**

A sentence is generally considered final and may not be altered except in limited circumstances.  See 18 U.S.C. § 3582(b); see also Dillon v. United States, 560 U.S. 817, 824 (2010).  Pursuant to the First Step Act of 2018, a defendant may directly request a reduction in the term of incarceration, but must first exhaust all administrative remedies.  See 18 U.S.C. § 3582(c)(1)(A).  Defendant states that, in October 2020, he submitted a compassionate-release request to the Warden at FCI Sheridan, but he offers no proof of such effort to exhaust his administrative remedies, and the Bureau of Prisons has no record of defendant having made the required request of the Warden, see Pl.'s Resp. at 5 (docket no. 291).  The only communication to the Warden that is in the record consists of a note dated August 28, 2023, which reads in relevant part:  "I am requesting from you for relief for my confinement I was subject to during the Covid-19 pandemic."  Inmate Request to Staff (docket no. 287 at 15).  The nature of this COVID-related request is not entirely clear, but defendant's current motion for compassionate release is not premised on COVID, and thus, defendant's August 2023 request does not satisfy the exhaustion requirement.  See United States v. Rice, 848 F. App'x 320, 321 (9th Cir. 2021).  Given the Government's timely objection, the Court may not excuse defendant's failure to comply with § 3582's exhaustion requirement, see United States v. Keller, 2 F.4th 1278, 1281–82 (9th Cir. 2021), and defendant's motion is DENIED for failure to exhaust.

ORDER - 2

B. **No Substantive Basis for Compassionate Release**

Even if defendant had exhausted his administrative remedies, he would not be entitled to relief. Defendant bears the burden of establishing "extraordinary and compelling reasons" justifying a reduction in his sentence. See id. at 1283–84; see also 18 U.S.C. § 3582(c)(1)(A)(i). Defendant has not shown that his health concerns rise to the level of a serious condition that substantially diminishes his ability to engage in self-care or that is not being treated or managed in prison. See USSG § 1B1.13(b)(1); see also Riley v. United States, Nos. C19-1522 & CR14-113, 2020 WL 1819838, at *7 (W.D. Wash. Apr. 10, 2020). Similarly, defendant has not demonstrated that his mother is incapacitated or that he would be the only available caregiver for her. See USSG § 1B1.13(b)(3)(C).

Moreover, even if defendant had made the requisite showing of "extraordinary and compelling reasons" for compassionate release, a reduction in his sentence would not be consistent with the factors set forth in 18 U.S.C. § 3553(a) or the applicable policy statements issued by the United States Sentencing Commission. See 18 U.S.C. § 3582(c)(1)(A). The Court concludes that defendant's immediate release would pose a risk to public safety.

C. **Motion to Remove Attorneys**

Defendant's motion to remove United States Attorney Tessa M. Gorman and Assistant United States Attorney Michael Dion, docket no. 294, is DENIED.

/ / /

/ / /

ORDER - 3

**Conclusion**

For the foregoing reasons, the Court ORDERS as follows:

(1) The Government's motion to seal, docket no. 292, is GRANTED, and the Government's Exhibits A and B, docket nos. 293 and 293-1, shall remain under seal;

(2) Defendant's motion for compassionate release, docket no. 287, is DENIED; and

(3) The Clerk is DIRECTED to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 28th day of June, 2024.

Thomas S. Zilly
United States District Judge

ORDER - 4